Parker, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries and for damage to his clothing and to his watch, by reason of a fall *509 that he sustained at seven o’clock in the evening of July 15, 1940 while he was upon the defendant’s premises.
The declaration alleges that he fell upon a foreign substance negligently allowed to remain upon the said premises. The defendant’s answer is a general denial and a plea of contributory negligence.
At the trial there was evidence tending to show that the plaintiff left his place of employment at five-thirty in the afternoon, went home, changed into white shoes, white flannel trousers and a blue serge jacket; that he went to the defendant’s ice cream bar which contained a counter and booths; that he remained there about three-quarters of an hour, during which time he ate a sandwich and drank a cup of coffee; that while he was there quite a few other people were present; that people purchased ice cream cones there; that at the end of three-quarters of an hour and at about seven o’clock he paid his check and started to leave; that he opened the screen door and stepped upon an outside cement platform which was about two or three feet wide; that he took one step on the platform and then slipped and fell forward off from the platform on to a driveway area used as a parking lot for the defendant’s customers; that the cement platform was on a level with the inside of the building and about six inches above the driveway area; that after he fell he got up and looked on the cement platform and saw a melted ice cream cone wrapped in a napkin; that it covered an area of a foot and one-half; that there were foot prints in part of it; that the ice cream looked black and the napkin was dirty. There was no evidence as to the length of time the ice cream had been on the cement platform.
*510 At the close of the trial and before final arguments, the defendant made eight requests for rulings, which were denied by the Court, and read as follows:
1. As a matter of law on all the evidence the plaintiff cannot recover and finding must be made for the defendant.
Reasons: A. There is no evidence of negligence on the part of the defendant, its agents or servants.
B. The plaintiff was himself negligent as matter of law.
2. As matter of law on all the evidence there is no evidence of negligence upon the part of the defendant, its agents or servants.
3. As matter of law on all the evidence there is no evidence as to the length of time during which the alleged foreign substance was upon the defendant’s premises prior to the accident to the plaintiff and therefore the plaintiff cannot recover.
4. As matter of law on all the evidence there is no evidence that the alleged foreign substance had been present at the place of the accident for a sufficiently long time so that the defendant, its agents or servants, was bound to remove it or warn of it and therefore the plaintiff cannot recover.
5. As matter of law on all the evidence the cause of the presence of the alleged foreign substance is conjectural.
6. As matter of law on all the evidence there is no evidence that the defendant, its agents or servants, caused the presence of the alleged foreign substance at the place of the accident.
7. As matter of law on all the evidence a finding for the defendant is warranted.
8. As matter of law on all the evidence a finding for the plaintiff is not warranted.
The defendant in its brief waived requests 1#1B and #7. The Trial Court found for the plaintiff in the amount of *511 one hundred and fifty dollars ($150.), but filed no special findings of fact.
The instant case deals with a subject which has arisen many times in the Massachusetts courts and upon which the Appellate Division and more especially the Supreme Court have written numerous opinions. The plaintiff was an invitee on the defendant’s premises and as such the defendant owed him the duty to maintain its premises in a reasonably safe condition. The plaintiff can recover only upon proof that the defendant, its agents or servants were negligent in such maintenance of the premises. The burden was upon the plaintiff to prove that the ice cream cone which was alleged to have caused his fall was on the platform before the plaintiff reached the spot where he fell; and that it had been there for a sufficient length of time so that the defendant, its agents or servants should have reasonably discovered its presence and removed the same.
The Supreme Court decision which deals with a set of circumstances that are similar to the case we are considering, is that of Newell vs. William Filene’s Sons, 296 Mass. 489, where the plaintiff “slipped on a black substance on the stairs, fell and was injured”. The substance was identified as “half an orange”, was described as “black”, “dirty” and “gritty” and had on it “heel marks, like a spike heel”. The plaintiff wore shoes with broad heels. The Supreme Court continues as follows:
“There was nothing tending to show that the piece of orange came upon the stairway by the act of an employee of the defendant, or that it had been seen there by any such employee. Therefore a breach of the defendant’s duty to keep its premises reasonably safe for uses by its customers could not be established unless there was evidence warranting the conclusion that *512 the substance in question had been on the stairs for so long a period of time that the defendant’s employees ought reasonably to have learned of its presence.
It does not appear that the piece of orange had been seen by anyone prior to the fall of the female plaintiff, or that the stairway was in view of the defendant’s employees as they did their work, or under what circumstances the substance which caused the fall came to be upon the stairs. The plaintiffs contend, as they must in order to prevail, that merely from the appearance of the piece of orange as described in the testimony an inference could be drawn that it had been on the stairs for such a length of time that the defendant’s employees ought to have seen and removed it.
The described appearance of the substance in question standing by itself does not permit a finding with any definiteness as to the length of time it had been on the stairs preceding the fall. Its condition as described is as consistent with it having been walked on by many people in a very short period of time as with its having been on the stairway any considerable length of time. We think the evidence did not warrant the inference that it had been on the stairs long enough to justify a finding that the defendant’s employees were negligent in not discovering it was there.” (See also Robertson vs. Jordan Marsh Company, 1939 Mass. App. Div. Reports, Vol. 4, Page 145 and cases there cited.)
In the present case there was no evidence to show how long the ice cream cone had been upon the cement platform. The fact that the ice cream had melted and covered an area of eighteen inches was not surprising in the summer month of July. The dark color that was in evidence might have been caused by a dark flavor of ice cream, such as chocolate. The fact that the ice cream had been walked upon would not be strange in a place frequented by numerous people. There was no evidence to show that the defendant’s employees had occasion to traverse the location *513 of the melted ice cream. Under the circumstances of a substance such as ice cream which may become liquid in a short time in summer weather, we are impressed by the fact that it may have been on the platform, where the plaintiff slipped upon it, only a short while, and that the defendant, its servants or employees could not have been expected to know it was there and to remove the same. The inference cannot be properly drawn that the condition complained of had existed so long that the defendant was guilty of lack of reasonable care in not remedying the condition. There was prejudicial error in the denial of the defendant’s requests for rulings numbered 1A, 2, 3, 4, 5, 6 and 8.
Decision is reversed and judgment is ordered for the defendant.